**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH FARRELL | : | CIVIL ACTION |
|       Plaintiff, | : | NO. |
| -vs- | : | |

JOSEPH FARRELL : CIVIL ACTION
     Plaintiff, : NO.
-vs- :
    :
    :
JEFF D'AMBROSIO DODGE, INC.; : PLAINTIFF REQUESTS
JEFF D'AMBROSIO AUTO GROUP; : TRIAL BY JURY
JEFF D'AMBROSIO; JEFFREY :
D'AMBROSIO (INDIVIDUALLY); :
JOSEPH D'AMBROSIO :
(INDIVIDUALLY); DENNIS CAMPBELL :
(INDIVIDUALLY); RICHARD FAGELY :
(INDIVIDUALLY); JEFF D' AMBROSIO :
AUTO GROUP, INC.; JEFF D'AMBROSIO:
IMPORTS, INC.; JEFF D'AMBROSIO :
IMPORT TRUCKS, LLC; AND JEFF :
D'AMBROSIO VOLKSWAGEN LLC, :
    :
    Defendants. :

Plaintiff, Joseph Farrell, by and through undersigned counsel hereby files this Civil Action Complaint against Defendants, JEFF D'AMBROSIO DODGE, INC., JEFF D'AMBROSIO AUTO GROUP, JEFF D'AMBROSIO, JEFFREY D'AMBROSIO (INDIVIDUALLY), JOSEPH D'AMBROSIO (INDIVIDUALLY), DENNIS CAMPBELL (INDIVIDUALLY), RICHARD FAGELY (INDIVIDUALLY), JEFF D' AMBROSIO AUTO GROUP, INC., JEFF D'AMBROSIO IMPORTS, INC., JEFF D'AMBROSIO IMPORT TRUCKS, LLC, AND JEFF D'AMBROSIO VOLKSWAGEN LLC, (collectively "Defendants") and avers the following:

## PARTIES

1.    Plaintiff, Joseph Farrell ("Plaintiff" or "Mr. Farrell") is an adult individual who resides in the Commonwealth of Pennsylvania.

1

2.     Defendant, JEFF D'AMBROSIO DODGE, INC., is a business organization existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service 1221 E Lancaster Ave, Downingtown, PA 19335.

3.     Defendant, ., JEFF D'AMBROSIO AUTO GROUP is a business organization existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service 1221 E Lancaster Ave, Downingtown, PA 19335.

4.     Defendant, JEFF D'AMBROSIO is a business organization existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service 1221 E Lancaster Ave, Downingtown, PA 19335.

5.     Defendant, JEFF D' AMBROSIO AUTO GROUP, INC., is a business organization existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service 1221 E Lancaster Ave, Downingtown, PA 19335.

6.     Defendant, JEFF D'AMBROSIO IMPORTS, INC., is a business organization existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service 1221 E Lancaster Ave, Downingtown, PA 19335.

7.     Defendant, JEFF D'AMBROSIO IMPORT TRUCKS, LLC is a business organization existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service 1221 E Lancaster Ave, Downingtown, PA 19335.

8.     Defendant, JEFF D'AMBROSIO VOLKSWAGEN LLC is a business organization existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service 1221 E Lancaster Ave, Downingtown, PA 19335.

9.      Defendant, JEFFREY D'AMBROSIO (INDIVIDUALLY) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purpose of service at 1221 E Lancaster Ave, Downingtown, PA 19335.

10.     Defendant, JOSEPH D'AMBROSIO (INDIVIDUALLY) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purpose of service at 1221 E Lancaster Ave, Downingtown, PA 19335.

11.     Defendant, RICHARD FAGELY (INDIVIDUALLY) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purpose of service at 1221 E Lancaster Ave, Downingtown, PA 19335.

12.     Defendant, DENNIS CAMPBELL (INDIVIDUALLY) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purpose of service at 1221 E Lancaster Ave, Downingtown, PA 19335.

13.     At all times relevant to this Civil Action, Defendants, JEFFREY D'AMBROSIO (INDIVIDUALLY), JOSEPH D'AMBROSIO (INDIVIDUALLY), DENNIS CAMPBELL (INDIVIDUALLY), RICHARD FAGELY (INDIVIDUALLY) were employees of Defendants, SEPTA, and held supervisory authority over Plaintiff, Joseph Farrell during Plaintiff's employment for Defendants.

14.     At all times relevant to this civil action Plaintiff was employed by Defendants, Defendants, JEFF D'AMBROSIO DODGE, INC., JEFF D'AMBROSIO AUTO GROUP, JEFF D'AMBROSIO, JEFF D' AMBROSIO AUTO GROUP, INC., JEFF D'AMBROSIO IMPORTS, INC., JEFF D'AMBROSIO IMPORT TRUCKS, LLC, AND JEFF D'AMBROSIO VOLKSWAGEN LLC (collectively "Defendants") and Defendants were Plaintiff's joint and sole employers.

## NATURE OF THE CASE

15.    Plaintiff complains pursuant to Section 1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); 42 U.S.C.; the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRC"), under the laws of the Commonwealth and seeks damages to redress injuries Plaintiff suffered as a result of Defendants' discrimination, harassment, retaliation and the hostile work environment which ultimately led to Plaintiff's unlawful termination from employment for Defendants.

## JURISDICTION AND VENUE

16.    This action involves a Question of Federal Law under Section 1981, Title VII of the Civil Rights Act of 1964. The honorable Court also has supplemental jurisdiction over the Commonwealth Law Causes of Action.

17.    Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the Chester County, Pennsylvania where the discrimination, harassment and hostile work environment complained of occurred.

18.    On or around February 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein. Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

19.    On or about October 3, 2019, the EEOC issued a Dismissal and Notice of Rights to Plaintiff.  The EEOC failed to send the Dismissal and Notice of Rights to Plaintiff.

4

Accordingly, this action is commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights.

20.     Plaintiff's causes of action under the Pennsylvania Human Relations Act become ripe for suit automatically upon the time when one (1) year has passed since Plaintiff's Charge of Discrimination was dual filed at the EEOC and PHRC.

## MATERIAL FACTS

21.     At all times relevant to this civil action the named Defendants in this matter were Plaintiff's joint and sole employers.

22.     At all times Defendants discriminated, harassed, abused, Plaintiff because of Plaintiff's race and national origin and because of Plaintiff's opposing and reporting Defendants' unlawful conduct including Plaintiff's unlawful termination which occurred on February 6, 2019.

23.     The stated reason for Plaintiff's termination is nothing more than a pretext to hide Defendants' discrimination, harassment and retaliation of Plaintiff.

24.     Only three weeks prior to Plaintiff's unlawful termination Plaintiff was subjected to abusive, hostile and violent conduct due to Plaintiff's race and national origin.

25.     Plaintiff's parents were born in St. Kitts.

26.     Plaintiff is an African American, black male.

27.     On or around January 17, 2019 a white, Caucasian sales associate named Stephan Williams violently kicked Plaintiff's car.

28.     Plaintiff asked, "why did you kick my car?"

29.     Stephan Williams responded by calling Plaintiff a "fucking nigger."

30.     Stephan Williams then became violent and hostile by threating to fight Plaintiff and violently assaulting Plaintiff with threats of physical force. While threatening to physically

inflict bodily injury on Plaintiff Stephen Williams yelled racial epithets including the word "nigger."

31. Stephan Williams repeated the discriminatory, hostile and abusive comment again calling Plaintiff a "fucking nigger."

32. Plaintiff, Joseph Farrell immediately reported the discriminatory, abusive, violent conduct of Stephan Williams to General Manager and Defendant, Dennis Campbell.

33. Defendant Dennis Campbell was present for a large part of the incident where Plaintiff was threatened, assaulted, and called a "nigger".

34. Many other employees who work for Defendants also witnessed the hateful, abusive, violent, threatening conduct.

35. Instead of responding to Plaintiff's reports of discrimination and harassment in the workplace based on an anti-discrimination policy and taking corrective action, Defendant, Dennis Campbell immediately initiated protocols to subvert Plaintiff's reports and retaliate against Plaintiff.

36. Defendant, Dennis Campbells objective of retaliation was achieved as Plaintiff was terminated from his employment shortly after this incident where Plaintiff was subjected to severe and pervasive discrimination and harassment in the workplace.

37. Defendant, Dennis Campbell took Stephan Williams and Plaintiff into his office and initiated verbal discipline to both Plaintiff and Stephan Williams.

38. Plaintiff was sent home which was a tangible employment and adverse employment action to which Plaintiff was subjected by Defendants.

39. The employee who subjected Plaintiff to violent, threatening, hateful, abusive conduct and comments, Stephan Williams was sent back to work.

40.     During the same meeting Stephan Williams informed Plaintiff and supervisor and Defendant, Dennis Campbell, "it was not the first time I have used the word nigger and it won't be the last time I say nigger."

41.     The following day Defendant, Dennis Campbell suspended Plaintiff Joseph Farrell.   Plaintiff's suspension was an adverse employment action to which Plaintiff was subjected by Defendants.

42.     Jon Brannon who was the only other African American employee who works in the Volkswagen Department was also suspended.

43.     During the meeting where Jon Brannon, Stephan Williams and Plaintiff were notified about the suspension, Defendant, Dennis Campbell unleashed a tirade of racially discriminatory language directed at both Plaintiff and Jon Brannon.

44.     Defendant, Dennis Campbell said to Jon Brannon and Plaintiff , "it's like I have a bunch of thugs working for me."

45.     Defendant Dennis Campbell called Plaintiff and Jon Brannon "worthless," "uneducated," and said "none of you are shit."

46.     Following Plaintiff 's unlawful suspension which was exacted upon Plaintiff as a result of Plaintiff 's opposition to Stephan Williams discriminatory, abusive, and violent conduct, Plaintiff was forced to continue working alongside Stephan Williams.

47.     Defendants refused to conduct a meaningful investigation and refused to implement prompt remedial measures.

48.     Accordingly, Defendants sanctioned, allowed, condoned and permitted the discrimination and harassment to continue.

7

49. Defendant, Dennis Campbell notified Plaintiff that "if you don't like it you can work somewhere else."

50. Plaintiff then reported the discrimination and harassment of Stephan Williams, Defendant, Dennis Campbell and Defendant, Richard Fagely to Defendant Joseph D'Ambrosio.

51. Throughout Plaintiff's employment Plaintiff was subjected to severe and pervasive discrimination and harassment in the workplace including discriminatory comments.

52. By way of example, Defendant, Richard Fagely said to Plaintiff, "you better listen to me."  Then Defendant, Richard Fagely said to another sales manager, "your boy is acting all hood over here."

53. Defendant, Richard Fagely harassed and otherwise discriminated against Plaintiff on a regular, daily and continuous basis along with Defendant, Dennis Campbell.

54. At no time did Defendants initiate an anti-discrimination policy designed to discovery and ameliorate discrimination and harassment in the workplace.

55. Twelve days after Plaintiff reported the discrimination and harassment of Defendant, Richard Fagely, Defendant, Dennis Campbell, Stephan Williams to Defendant, Joseph D'Ambrosio, Plaintiff was unlawfully terminated from his employment.

56. Defendants stated reason for Plaintiff's termination is nothing but a pretext.

57. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

58. Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

59. Defendants refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

60. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

61. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

62. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation.

63. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

64. Plaintiff has further experienced severe emotional and physical distress.

65. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages.

66. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

67. Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

68. Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

69. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

70.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails.

71.    Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

72.    Plaintiff has further experienced severe emotional and physical distress.

73.    As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

74.    Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

75.    Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

76.    Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

77.    The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

78.    Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

79.    Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

80.    It is important to note that Defendants have continued to subject Plaintiff to

10

retaliation because of Plaintiff's lawful attempts to vindicate his rights.   Plaintiff is not adding

the following claims in Paragraph 80 of this Complaint to Plaintiff's Civil Action at this time,

however, Plaintiff is hereby putting Defendants and the Court on notice regarding Plaintiff's

intention to amend this Complaint and add additional claims for retaliation due to Defendants

targeted effort to subject Plaintiff to harm.   After Plaintiff's employment was unlawfully

terminated, Defendants made a false police report that resulted in Plaintiff receiving criminal

charges.   Plaintiff intends to file an additional Charge of Discrimination with the EEOC

pursuant to Defendants unlawful retaliation.   When Plaintiff receives his Right to Sue letter

from the EEOC, Plaintiff will amend this Complaint and add the additional causes of action for

retaliation under Title VII and the Pennsylvania Human Relations Act.   Importantly, Plaintiff

will include all acts of retaliation complained of in this civil action complaint, including the

retaliation described in this Paragraph, in the First Cause of Action below; Section 1981.

**FIRST CAUSE OF ACTION**
**UNDER FEDERAL LAW**
**S.C. SECTION 1981**
**(against all named Defendants)**

81.     Plaintiff, Joseph Farrell , hereby incorporates all allegations contained in

paragraph one (1) through eighty (80) as fully as if they were set forth at length.

82.     42 U.S.C. 1981 states in relevant part as follows:

(a)     Statement of equal rights All persons within the jurisdiction of the United

States shall have the same right in every State and Territory to make and enforce

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws

and proceedings for the security of persons and property as is enjoyed by white citizens,

11

and shall be subject to like punishment, pains, penalties, taxed, licenses, and exactions of every kind, and to no other.

(b)    "Make and enforce contracts" defined for purposed of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A § 1981

83.    Plaintiff, as a member of the Black and/or African American race, was discriminated against by Defendants because of her race as provided under 42 U.S.C. § 1981 and has suffered damages as set forth herein.

84.    Plaintiff also claims unlawful retaliation under 42 U.S.C. § 1981 for her opposition to Defendants' unlawful employment practices.

85.    Plaintiff hereby includes all acts of disparate treatment including Plaintiff's unlawful suspension, being denied the ability to work when Plaintiff was sent home, and Plaintiff's unlawful termination in Plaintiff's First Cause of Action under Section 1981.

86.    Plaintiff also includes all claims under Section 1981 for the hostile work environment, as Defendants conduct and comments were of a race based nature and had the purpose and effect of unreasonably interfering with Plaintiff's work enjoinment.

87.    Plaintiff's claims under Section 1981 also include the campaign of retaliation to which Defendants subjected Plaintiff which continued after Plaintiff's employment and resulted in Plaintiff being charged with a criminal offense.

88.    Defendants initiated a strategy to file a false police report against Plaintiff with the intent of harming Plaintiff and causing Plaintiff to have a criminal record.

**SECOND CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**HOSTILE WORK ENVIRONMENT AND DISPARATE TREATMENT**
(all corporate Defendants only)

89.    Plaintiff, Joseph Farrell , hereby incorporates all allegations contained in paragraphs one (1) through eighty-eight (88) as fully as if they were set forth at length.

90.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, and/or national origin.

91.    SEC. 2000e-2 *[Section 703]* states as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

13

92.     Defendants engages in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et. seq.*, by discriminating against Plaintiff because of his race, color, national origin, and sex.

93.     Plaintiff claims that he was subjected to a hostile work environment based upon the severe and pervasive discrimination and harassment in the workplace.

94.     Plaintiff was also terminated from his employment based upon Plaintiff's race, color, national origin, and sex.

### THIRD CAUSE OF ACTION
### RETALIATION UNDER TITLE VII
### (against corporate Defendants only)

95.     Plaintiff, Joseph Farrell , hereby incorporates all allegations contained in paragraphs one (1) through ninety-four (94) as fully as if they were set forth at length.

96.     Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

97.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et. seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his employment because of her opposition to and reporting of the unlawful employment practices of Defendants.

98.     Plaintiff continued to oppose the severe and pervasive discrimination and harassment in the workplace and even submitted a written statement to report the discrimination and harassment in the workplace.

99.     Defendants refused to investigate Plaintiff's reports of discrimination and harassment in the workplace.

100.    Defendants refused to initiate prompt corrective actions.   Accordingly, Defendants permitted, sanctioned, condoned, and allowed the discrimination and harassment to continue.

101.    The facts presented in Paragraph 80 above are intended to provide notice to the parties and Court of Plaintiff's intention to amend his Complaint and are not intended to be included in Plaintiff retaliation claim under Title VII at this time.

**FOURTH CAUSE OF ACTION**
**DISCRIMINATION UNDER STATE LAW**
**(against Corporate Defendants Only)**

102.    Plaintiff, Joseph Farrell , hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-one (101) as fully as if they were set forth at length.

103.    The PHRA § 955 provides that it shall be an unlawful discriminatory practice:

(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or impendent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the service required.

104.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race, color, national origin, sex, and disability.

105.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955., including all acts of disparate treatment and the severe and

15

pervasive discrimination and harassment in the workplace which caused Plaintiff to be subjected to a hostile work environment.

## FIFTH CAUSE OF ACTION
## RETALIATION UNDER STATE LAW
### (against all Named Defendants)

106.    Plaintiff, Joseph Farrell , hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-five (105) as fully as if they were set forth at length.

107.    PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

108.    Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

109.    The facts presented in Paragraph 80 above are intended to provide notice to the parties and Court of Plaintiff's intention to amend his Complaint and are not intended to be included in Plaintiff retaliation claim under the PHRA at this time.

## SIXTH CAUSE OF ACTION
## DISCRIMINATION UNDER STATE LAW
### (against individual Defendants only)

110.    Plaintiff, Joseph Farrell , here by incorporated all allegations contained in paragraphs one (1) through one-hundred-nine (109) as fully as if they were set forth at length.

16

111. PHRA § 955(e) provides that it shall be unlawful discriminatory practice: "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

112. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by committing assault and battery, aiding, abetting, inciting, compelling, and/or coercing the discriminatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By: _____

Seth D. Carson, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com

DATED: January 7, 2020

17